THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANDALL ROUTH, on behalf of RICHARD M. NICHOLSON,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　　　　　　Defendant. | CASE NO. C24-0563-JCC<br><br>ORDER |

　　　This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 13). Having thoroughly considered the briefing and the relevant record, the Court GRANTS Plaintiff's motion, to the extent it has not been mooted by subsequent production (see below).

　　　According to Plaintiff's complaint, Randall Routh is an attorney-in-fact for Richard M. Nicholson, a medically incapacitated individual. (Dkt. No. 1-1 at 1–2.) Mr. Routh alleges that Defendant honored checks forged by Mr. Nicholson's caregiver on Mr. Nicholson's account, depriving him of over $120,000. (*Id.* at 2–4.)

　　　Once discovery began, Plaintiff requested production (through RFP No. 2) of Defendant's "investigative file(s), including witness statements, audio recordings, and/or communications for each fraud claim identified in response to Interrogatory No. 2 above." (Dkt. No. 14 at 8.) Defendant made some production but lodged general objections to production of

the investigation file *in its entirety*. (*Id*. at 8.) To be clear—all agree that a portion of the file is not discoverable. (*Compare* Dkt. No. 13 at 5–7, *with* Dkt. No. 17 at 4–6.) But Plaintiff contends much of the file is, in fact, discoverable; moreover, Defendant made no attempt to identify, segregate, and produce that portion. (*See* Dkt. No. 18 at 2–5.) Should there be any doubt on this issue, Defendant tacitly admitted as much in its response brief, committing to production within 14 days. (*See* Dkt. No. 17 at 8.)

As Defendant has since agreed to produce, Plaintiff's motion to compel (Dkt. No. 13) is largely moot. Nevertheless, the Court views Defendant's delay in responding to Plaintiff's requests and its blanket objection unreasonable and not consistent with the discovery rules. *See* Fed. R. Civ. P. 26(b)(1); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005). Accordingly, the Court finds an award of attorney fees warranted here. *See* Fed. R. Civ. P. 37(a)(5)(A).

Moreover, to ensure full production, a log of all information withheld from the investigation file is in order. That log must contain sufficient detail for Plaintiff to confirm the propriety of the protections applied by Defendant. To the extent Plaintiff finds subsequent production inadequate, he may renew his motion to compel.

Accordingly, the Court ORDERS as follows:

1. Defendant shall provide the required production, including a log of all withheld documents relating to the investigation file, to Plaintiff no later than January 24, 2025.
2. To afford Plaintiff time to review the production (and log) and to renew its motion to compel (if needed), the Court EXTENDS the discovery cut-off, solely for purposes of RFP No. 2, to February 7, 2025.
3. Plaintiff may submit an accounting of its reasonable attorney fees and expenses in bringing this motion. Any objection(s) relating to this submission is due within seven days of service and may not exceed four (4) pages.

1   DATED this 17th day of January 2025.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C24-0563-JCC
PAGE - 3